IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN E. CANTU, JR., | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CA C-07-444 |
| | § | |
| NUECES COUNTY JAIL STAFF, et al., | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTIONS
## FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate at the Nueces County Jail. Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that jail officials have failed to protect him from violence at the hands of other inmates (D.E. 1, 9, 11, 13). Pending is plaintiff's motions for appointment of counsel (D.E. 20). The motion is denied without prejudice.

In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Further, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 116 S. Ct. 2174, 2180 (1996). It is within the Court's discretion to appoint

counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. Jackson v. Dallas Police Department, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing Ulmer v. Chancellor, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. Id. This case is not overly complex. According to plaintiff, at least one member of the Nueces County Jail Staff, M. Guajardo, was aware that plaintiff was about to be or was being beaten up and yet failed to break up the fight. Though serious, plaintiff's allegations are not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff's pleadings and his testimony during an evidentiary hearing demonstrated that he was reasonably intelligent, articulate, and able to describe the facts underlying his claims. Plaintiff understands how to use the law library. Plaintiff appears, at this stage of the case, to be in a position to adequately investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. Examination of this factor is premature because the case has not yet been set for trial.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a

prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion for appointment of counsel (D.E. 20) is denied without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 11th day of January, 2008.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE