IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN E. CANTU, JR. | § | |
|    TDCJ-CID #225714 | § | |
| | § | |
| VS. | § | C.A. NO. C-07-444 |
| | § | |
| NUECES COUNTY JAIL STAFF, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO DENY DEFENDANT'S RULE 41(b) MOTION TO DISMISS**

On November 19, 2007, plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983 complaining that on November 8, 2007, he was assaulted at the Nueces County Jail by other inmates because he is homosexual, and the Nueces County Jail staff failed to protect him. (D.E. 1)

Pending is defendant's motion to dismiss for failure to prosecute. (D.E. 37). Plaintiff has filed a "motion to dismiss" defendant's motion to dismiss (D.E. 44), which is construed as a response in opposition to the motion to dismiss.[1]

**I.    Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

**II.    Procedural background.**

As previously noted, plaintiff filed his original complaint on November 19, 2007, alleging failure to protect in violation of his Eighth Amendment rights against the "Nueces

---

[1]The Clerk is instructed that the "motion" should be re-docketed as a response.

County Jail staff." (See D.E. 1). At the time he filed suit, plaintiff was incarcerated at the Nueces County Jail. Id. at 1.

On December 13, 2007, plaintiff amended his complaint to identify Officer M. Guajardo, a County Jailer, as the defendant. (D.E. 7). On December 14, 2007, plaintiff filed a supplement to his complaint, adding additional details. (D.E. 11, 13).

On January 9, 2008, a Spears hearing was conducted. On January 14, 2008, plaintiff submitted a notice of his new address in Edinburg, Texas, and in the notice, he stated that he did *not* want to dismiss his case. (D.E. 23).[2] Certain correspondence was sent to plaintiff at the Nueces County Jail, that is, the wrong address, and it was returned as undeliverable. (See D.E.25, 26). However, one piece of certified mail sent to plaintiff at his new address in Edinburg was also returned as undeliverable. (D.E. 27).

On April 8, 2007, service was ordered on Officer Martin Guajardo. (D.E. 28).

On July 1, 2008, defendant filed his answer, (D.E. 34), and the instant motion for involuntary dismissal pursuant to Fed. R. Civ. P. 41(b). (D.E. 37).

On July 7, 2007, plaintiff was ordered to show cause before July 21, 2008 why his action should not be dismissed for failure to prosecute. (D.E. 39).

On July 16, 2008, plaintiff filed a request for additional time to prosecute his case (D.E. 43), a response to defendant's motion to dismiss (D.E. 44), and a second notice of change of address, reflecting his address in Brownsville, Texas. (D.E. 45).

---

[2] The docket entry **incorrectly** reads "new address and request for dismissal ...".

### III. DISCUSSION

**A.    Rule 41(b).**

Defendant moves to dismiss on the grounds that plaintiff has failed to prosecute his case because he failed to advise the Court and opposing counsel of his proper address. (D.E. 37). Defendant argues that plaintiff failed to keep the Court or defendant apprized of his current addressed such that dismissal is warranted.

Rule 41(b) of the Federal Rules of Civil Procedure provides:

> **Involuntary Dismissal: Effect Thereof.**   For failure of plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Fed. R. Civ. P. 41(b).

That is, if the plaintiff fails to prosecute his case, or to comply with a court order, or a federal rule, a defendant may move to dismiss the case pursuant to Fed. R. Civ. P. 41(b). Berry v. CIGNA/RSI/CIGNA, 975 F.2d 1188, 1190 (5th Cir. 1992). However, the Fifth Circuit has recognized that a dismissal with prejudice "is an extreme sanction that deprives the litigant of the opportunity to pursue his claim." Id. at 1191.

In this case, plaintiff was transferred from the Nueces County Jail in January 2008 to a Detention Center in Edinburg. As required, plaintiff gave timely notice of that transfer. (See D.E. 23). Although the docket reflects three pieces of returned mail in sequence (D.E.

3

25, 26, 27), two of those letters (D.E. 25, 26) were sent to plaintiff at his old address at the Nueces County Jail.  Only one piece of correspondence ( D.E. 27), was sent to Edinburg, the address on file for plaintiff, and it was returned as undeliverable.  Defendant's counsel states that she sent a copy of her amicus curiae appearance (D.E. 31) to plaintiff on June 6, 2008 at the Edinburg address, but that she did not receive the green card back as of July 1, 2008. (D.E. 37 at ¶ 3).  Defendant argues that the undelivered court mail (D.E. 27), and her failure to receive a green card, constitutes failure to prosecute for purposes of Rule 41(b).

    In his response, plaintiff states that he believed he could use the Edinburg address because he thought he would be transferred more than once, and that mail sent to the Edinburgh address would be forwarded.  Indeed, although he was transferred from the Edinburgh address to Cameron County, he did receive defendant's counsel's amicus curiae notice of appearance.  Moreover, this case is at the beginning stages and the pleading at issue, a notice of appearance of the non-party county, is of little significance.  Although there was a brief time during which plaintiff's location was not settled, he believed, correctly, that his mail would be forwarded, he responded timely to the Court's show cause order, and he has shown no contumacious conduct.  Thus, it is respectfully recommended that defendant's motion to dismiss (D.E. 37) be denied.

    Respectfully submitted this 8th day of August, 2008.

_____
    B. JANICE ELLINGTON
    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).