IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JUAN E. CANTU, JR. | § | |
|     TDCJ NO. 225714 | § | |
| | § | |
| v. | § | C.A. NO. C-07-444 |
| | § | |
| NUECES COUNTY JAIL STAFF, | § | |
|     ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

On December 15, 2009, a hearing was held on plaintiff's motion for entry of default judgment (D.E. 91). For the reasons stated herein, it is respectfully recommended that plaintiff's motion for entry of default judgment (D.E. 91) be granted and that plaintiff be awarded damages and costs in the amount of $875.00 against defendant Officer Martin Guajardo in his individual capacity.

**I.     Jurisdiction**

This court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331. Plaintiff's motion for entry of default judgment was referred to a United States Magistrate Judge pursuant to the District Judge Hayden Head's Standing Order in Prisoner Cases.

**II.    Background**

Plaintiff was an inmate in the Nueces County Jail from October 9, 2007 through January 11, 2008.

On November 8, 2007, plaintiff was assaulted by six other inmates who felt he was being disrespectful by "having an openly gay friendship with another inmate."

On November 19, 2007, plaintiff filed this lawsuit against Nueces County alleging that it had failed to train its officers properly. (D.E. 1). In addition, he sued in his individual capacity Officer Martin Guajardo, the duty officer at the time of the assault, claiming that he ignored the assault while it was occurring and, thereafter, failed to report the assault.

On September 17, 2008, a deputy United States Marshal personally served defendant Guajardo with a copy of the summons and complaint. (D.E. 58).

Defendant Guajardo did not file an answer or any type of responsive pleading. Even before he was served with process, the Nueces County Attorney attempted to obtain authority to represent defendant, but he refused to cooperate. (D.E. 31, 41).

On March 27, 2009, plaintiff filed a motion for entry of default judgment against defendant Guajardo. (D.E. 77).

Following a show cause notice to which defendant Guajardo failed to respond, on May 1, 2009, it was recommended that default be entered against defendant Guajardo in his individual capacity. (D.E. 85)

On August 31, 2009, the District Court adopted the recommendation and granted plaintiff's motion for entry of default. (D.E. 88). Plaintiff's motion for entry of default judgment was filed November 5, 2009. (D.E. 91). A hearing was held December 15, 2009.

## III.     Hearing testimony

Plaintiff is a homosexual and, in addition, in prior incarcerations, has had problems with members of the Texas Syndicate, a security threat group. As a result, when he arrived at Nueces County Jail in October 2007, jail personnel assigned him to special housing. Plaintiff was assigned to "P-2," a unit of the jail set aside for inmates with special medical needs and protective custody.

Plaintiff developed a relationship with an inmate named Richard.

On November 8, 2007, plaintiff was in the dayroom talking with Richard. Officer Guajardo was no more than ten feet away, sitting at his assigned post in the dayroom. An inmate named "Boxer" approached plaintiff and asked if he could speak to plaintiff in the gym.[1] Plaintiff agreed.

When plaintiff entered the gym with Boxer, he immediately felt something was wrong when he saw five other inmates. Boxer and the other inmates told plaintiff that they believed he was being disrespectful by having an openly gay relationship with Richard. All of a sudden, Boxer struck plaintiff in the ear, while inmate Juan Maldonado hit plaintiff in the jaw. The other four inmates joined in the assault, which lasted a few seconds, until an inmate called out that a guard was coming. The inmates broke apart, and Officer Guajardo came into the gym. Officer Guajardo told the inmates to rack up for shift change.

---

[1] Plaintiff testified that the gym is a glass-enclosed area located within P-2, and is visible from the dayroom.

At the time Guajardo entered the gym, it was obvious that a fight had been taking place. Plaintiff had torn Maldonado's shirt and all of the inmates were out of breath. Plaintiff was disheveled and beginning to bruise. Plaintiff observed two inmates speaking to Officer Guajardo. These inmates then reported to plaintiff that "it was okay," and that "no one was going to get written up for fighting." However, in front of Officer Guajardo the inmates told plaintiff that "the matter was not over," and that "they would talk some more."

Plaintiff went back to his cell and remained there during shift change. Approximately an hour later, he reported the assault to Sergeant Mayer. Sergeant Mayer took plaintiff to medical where he was treated for a black eye, bruised ear, and x-rays were taken of his jaw.

The District Attorney's Office filed hate-crime charges against two of the inmates involved in the assault.

Officer Guajardo was fired from the Jail based on his actions in connection with the assault.

Plaintiff's ear was swollen for approximately one week, with redness and tenderness lasting about three to four days. He could not sleep on his ear for the first two days following the assault. On a scale of 1 to 10, with 1 being the least pain, and 10 being the greatest, plaintiff rated his ear pain as between a 5 or a 6.

Plaintiff had a black and bloodshot eye. A week later, he began experiencing white flashes of light, causing him to report back to medical. The nurse reassured him that this was part of the healing process. He rated his eye pain a 5.

Plaintiff's jaw was not broken.  The pain was between a 4 and a 5, and lasted about one week.

Following the assault, plaintiff was moved to another pod.  This made plaintiff angry because he was moved away from Richard and he felt as if he was being punished for reporting the assault.  The remainder of the time at the jail, plaintiff was nervous "anytime a door opened," as he never knew if he might be assaulted again.

Plaintiff testified that he did not pay the filing fee, but the $350 filing fee has been assessed and will be collected by officials at TDCJ-CID.  (D.E. 95).   Plaintiff paid for paper and postage to bring this lawsuit, but could not estimate the cost.

### IV.     Assessment of damages.

Plaintiff testified to physical and mental damages.  However, he admitted that the pain was not severe and subsided after one week.  Moreover, because he is an inmate, he paid no out-of-pocket costs for the medical attention he received.  It is thus recommended that the Court find that plaintiff suffered actual damages in the amount of $75.00 per day for the one week he was injured, for a total sum of $525.00.

In his amended complaint, plaintiff requested all monetary compensation to which he is entitled. (D.E. 13). Punitive damages may be awarded only when the defendant's conduct is motivated by evil intent or demonstrates reckless or callous indifference to a person's constitutional rights.  Williams v. Kaufman County, 352 F.3d 994, 1015 (5th Cir. 2003) (internal quotations and citations omitted). This standard requires a subjective consciousness of a risk of injury or illegality or a criminal indifference to civil obligations.  Id.  The facts

as alleged by plaintiff do not meet this standard. It is also is important to note that Officer Guajardo was already punished by the loss of his job. Thus, it is respectfully recommended that punitive damages not be awarded.

Post-judgment interest is appropriate as set forth under Texas state law.

**V.     Recommendation**.

For these reasons, is respectfully recommend that plaintiff's motion for entry of default judgment (D.E. 91) be granted, and that the Court award plaintiff the amount $525 in monetary damages for pain, suffering, and mental anguish, and $350.00 for the filing fee, for a total of $875.00, plus post judgment interest.

Respectfully submitted this 3rd day of March, 2010.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to FED. R. CIV. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 2001-6, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).